669 So.2d 289 (1996)
David GROGAN and Grogan Trucking, Inc., Appellants,
v.
Nell ARCHER, as Personal Representative of the Estate of Albert Archer, Decedent, Appellee.
No. 95-1425.
District Court of Appeal of Florida, Fifth District.
February 16, 1996.
Rehearing Denied March 13, 1996.
*291 Dennis R. O'Connor and David B. Falstad of Gurney & Handley, P.A., Orlando, for Appellant David Grogan.
Timothy S. Keough and David E. Cauthen of Cauthen, Oldham & Keough, P.A., Tavares, for Appellant Grogan Trucking, Inc.
Marie Tomassi and George E. Nader of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellee.
GOSHORN, Judge.
David Grogan ("Grogan") and Grogan Trucking Company ("Grogan Trucking") appeal the nonfinal order denying their motion to quash service of process and abate for lack of jurisdiction arising out of a wrongful death suit brought against them in Lake County, Florida, by Nell Archer ("Nell") as personal representative of Albert Archer's ("Albert") estate.[1] We reverse.
Nell filed an unsworn complaint alleging that Grogan Trucking, a Georgia corporation that transports poultry to Alabama, Georgia, Kentucky, North Carolina, South Carolina, and Tennessee, negligently replaced and installed a rear drive axle on Albert's truck, and as a result, the vehicle overturned on Florida's turnpike in Lake County, and Albert was killed. Nell contended that Grogan Trucking was subject to jurisdiction in Florida because it conducted business in Florida. As for Grogan, she alleged that he "owned, operated and worked for a company that did business in Florida on a regular basis ... [and he] also did business in Florida on a regular basis."
Grogan and Grogan Trucking filed a motion to quash service of process and abate for lack of jurisdiction. They asserted that Grogan Trucking was not a Florida corporation and that it did not conduct business in Florida. Further, they alleged that Grogan had performed no acts that would subject him to jurisdiction in Florida. To support their motion, Grogan and Grogan Trucking filed Grogan's affidavit which stated:
1. David Grogan at all times material to the allegations of the complaint was acting as an agent and corporate officer of the corporation and was not acting in his individual capacity.
2. At no time relevant to this action has David Grogan in his personal capacity done business in the State of Florida that would subject him to the jurisdiction of the State of Florida to answer and defend against the wrongful death claim of the Plaintiff.
3. David Grogan has not individually or personally processed, serviced or manufactured any product, material or thing that caused injury to the Decedent Albert Archer.
4. David Grogan did not charge individually or personally the Decedent Albert Archer for any product, material or thing that caused the death of the Decedent.
5. David Grogan has not personally operated a business, committed a tortious act or caused injury in Florida.
6. The Defendant David Grogan is not aware of any allegations of negligent conduct asserted against him that were asserted to have occurred outside of his duties as an employee of Grogan Trucking, Inc.
The trial court denied their motion to quash service of process and abate for lack of jurisdiction, and this appeal followed.
*292 When analyzing whether long arm jurisdiction is appropriate, two inquiries must be made. First, the complaint must allege sufficient jurisdictional facts to bring the action within the ambit of section 48.193, Florida Statutes (1993), Florida's long arm statute. Second, assuming the first criteria has been met, the defendant must possess certain minimum contacts with the state so as to justify him being subject to suit in that state. Strickland Ins. Group v. Shewmake, 642 So.2d 1159, 1160-61 (Fla. 5th DCA 1994). These minimum contacts must exist so as to satisfy the "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278, 283 (1940), reh'g denied, 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941)).
However, the filing of a motion to dismiss on grounds of lack of personal jurisdiction over the person only raises the legal sufficiency of the pleadings. Wartski v. Sencer, 615 So.2d 794, 796 (Fla. 5th DCA 1993); Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n, 325 So.2d 58, 62 (Fla. 1st DCA 1976). A defendant desiring to contest the allegations of the complaint or wanting to raise a contention of lack of minimum contacts must file supporting affidavits. Venetian Salami v. Parthenais, 554 So.2d 499, 502 (Fla.1989). The burden then shifts to the plaintiff to prove, by affidavit, the basis upon which jurisdiction may be obtained. If the essential facts stated in the parties' affidavits are not conflicting, the trial court can resolve the legal issue on the basis of the affidavits. If, however, the essential facts are shown to be in direct conflict, the trial court must hold an evidentiary hearing to resolve all disputed facts essential to determining the jurisdictional issue. Id. at 502-03.
In the present case, Grogan Trucking and Grogan filed a motion to quash service of process and abate for lack of jurisdiction. The defendants attached Grogan's affidavit to their motion that contested the allegations in Nell's unsworn complaint that Grogan was engaged in business in Florida. At that point, the burden shifted to Nell to prove by counter affidavit the basis upon which jurisdiction may have been procured. See Venetian Salami, 554 So.2d at 502. Nell failed to file such affidavit.[2] The only evidence before the trial court on the issue of jurisdiction relating to Grogan, individually, was Grogan's unrebutted affidavit establishing that jurisdiction over him individually was improper. Accordingly, the trial court erred in finding Grogan subject to Florida's jurisdiction. Venetian Salami, supra; see also Jasper v. Zara, 595 So.2d 1075, 1076 (Fla. 2d DCA 1992) (where plaintiff failed to dispute defendant's sworn factual proffers that he did not operate, conduct, engage in or carry on a business or business venture in Florida or have an office or agency there, and that he did not breach a contract in Florida, and that he did not engage in substantial, but only isolated, activity within this state, the trial court erred when it found defendant subject to jurisdiction in Florida).
As for Grogan Trucking, we must analyze whether jurisdiction was proper under section 48.193, Florida's long arm statute, which states in relevant part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself, and if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
* * * * * *

*293 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
§ 48.193(1)(f)2, Fla.Stat. (1993).
Nell's unsworn complaint alleged that Grogan Trucking, as part of its business operations, negligently repaired Albert's truck and that when the negligently repaired rear drive axle separated from the vehicle on a Florida roadway, the vehicle rolled, causing her husband's death. She contends that these facts are sufficient to bring Grogan Trucking under subparagraph 48.193(1)(f)2, Florida Statutes (1993).[3]
There is no dispute that Albert's injury occurred in Florida. Also, there is record evidence to support Nell's contention that Grogan Trucking serviced Albert's vehicle, that such repair was accomplished "in the ordinary course of commerce, trade or use," and that the negligent repair caused Albert's accident. Although it is arguable that Nell alleged sufficient jurisdictional facts to bring the action within subparagraph 48.193(1)(f)2, thus satisfying the first prong of the test for long arm jurisdiction, the analysis does not end there. Grogan Trucking must have the minimum contacts necessary with Florida to subject it to jurisdiction here so as not to offend traditional notions of fair play and substantial justice. See International Shoe, 326 U.S. at 316, 66 S.Ct. at 158; Shelter Mut. Ins. Co. v. Frederick, 654 So.2d 656, 658 (Fla. 5th DCA 1995); Tennessee Farmers Mut. Ins. Co. v. Meador, 467 So.2d 471, 473 (Fla. 5th DCA 1985).
Courts have recognized that one component in analyzing whether a defendant possesses sufficient minimum contacts is the question of foreseeability. Courts should examine "whether the defendant's conduct and activities in the state are such that `he should reasonably anticipate being haled into court there'." Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264, 1268 (Fla.1992) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980)).
In the present case, Grogan Trucking's only contact with the State of Florida consisted of two truck permits allowing it to travel to Florida. The decals evidencing the permits were never attached to the trucks and Grogan Trucking has not travelled to Florida on business since the early 1980s, although one of their trucks did haul a load of disaster supplies to Miami following Hurricane Andrew in September of 1992. On these facts we conclude that Grogan Trucking lacked sufficient minimum contacts to subject it to the jurisdiction of the Florida courts.[4]
Nell asserts that because Grogan Trucking was aware that Albert frequently drove to Florida, then it should have reasonably foreseen that a negligent repair could cause an accident in Florida, and thus, it would be subject it to suit here. However, the Supreme Court rejected a similar argument in *294 World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980):
[F]oreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.
* * * * * *
If foreseeability were the criterion, a local California tire retailer could be forced to defend in Pennsylvania when a blowout occurs there; a Wisconsin seller of a defective automobile jack could be haled before a distant court for damage caused in New Jersey; or a Florida soft-drink concessionaire could be summoned to Alaska to account for injuries happening there. Every seller of chattels would in effect appoint the chattel his agent for service of process. His amenability to suit would travel with the chattel.
* * * * * *
This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.
Id. at 295-97, 100 S.Ct. at 566 (citations omitted) (emphasis added); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985) ("Although it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there ... the Court has consistently held that this kind of foreseeability is not a `sufficient benchmark' for exercising personal jurisdiction.") (citation omitted) (footnote omitted); Dunn v. Upjohn Co., 350 So.2d 127, 128-29 (Fla. 1st DCA 1977) (finding that a pharmacist who filled a prescription in Georgia and delivered it to a Florida resident in Georgia was not subject to jurisdiction in Florida even if the pharmacist knew that the recipient was a Florida resident, and thus it was foreseeable that the prescription may eventually end up in Florida). Therefore, it is inconsequential that Grogan Trucking was aware of Albert's frequent trips to Florida.[5]
Accordingly, we hold that the trial court erred in finding in personam jurisdiction over Grogan Trucking. Although Grogan Trucking arguably performed acts which fall within section 48.193, it lacked sufficient minimum contacts with Florida to subject it to the jurisdiction of this State. We therefore reverse and remand with instructions to grant the motion to quash service of process as to both Grogan and Grogan Trucking.
REVERSED and REMANDED with instructions.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(i).
[2] While a sworn complaint can suffice as long as the complaint's allegations fairly address the defendant's contentions, see Sutton v. Smith, 603 So.2d 693, 697 (Fla. 1st DCA 1992), in this case, Nell's complaint was unsworn.
[3] Although Nell does not discuss the applicability of paragraph 48.193(1)(a) or (b) to these facts, we find that Grogan Trucking's actions do not fall within either category. Compare National Alcoholism Programs/Cooper City, Florida, Inc. v. Slocum, 648 So.2d 234, 236 (Fla. 4th DCA 1994) (where insurance carrier verified coverage of several insureds who sought treatment at Florida facility, paid claims for such treatment, agreed to have a continuing obligation to make payments in Florida, and supplied claim forms necessary for future contemplated dealings, the company was conducting business in Florida under paragraph 48.193(1)(a)); see also Thompson v. Doe, 596 So.2d 1178 (Fla. 5th DCA 1992) (stating that where the alleged tortious act occurred outside of the State of Florida resulting in an injury in Florida, a subsequent cause of action does not fall within the coverage of paragraph 48.193(1)(b)), approved, 620 So.2d 1004 (Fla. 1993).
[4] Although Nell contends that Grogan Trucking's action in registering two of its trucks in Florida renders it foreseeable that it could be sued in Florida, it is unreasonable to anticipate suit when Grogan Trucking neither sent those trucks to Florida nor availed itself of the benefits or protections of Florida laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283, 1298 (stating that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."), reh'g denied sub nom. Lewis v. Hanson, 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958).
[5] Nell's reliance upon Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.), appeal dismissed and cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981) is unpersuasive. In Atwood, the defendant's activities in Florida were continuous and systematic, while in the present case, Grogan Trucking's service of Albert's vehicle, that happened to end up in Florida, was merely an isolated occurrence. The Atwood court indicated that it might not find jurisdiction proper where the product's presence in the state is a single, isolated occurrence. Atwood, 392 So.2d at 1310-1311. Further, the Atwood decision has been placed in doubt by Tomashevsky v. Komori Printing Machinery Co., Ltd., 715 F.Supp. 1562, 1566 (S.D.Fla.1989) and it predates important, subsequent decisions such as Venetian Salami.