677 So.2d 400 (1996)
The WALT DISNEY COMPANY, Appellant,
v.
Jill NELSON, Appellee.
No. 95-3108.
District Court of Appeal of Florida, Fifth District.
July 26, 1996.
*401 David L. Evans and Mary A. Edenfield, of Mateer, Harbert & Bates, P.A., Orlando, for Appellant.
No Appearance for Appellee.
GRIFFIN, Judge.
The Walt Disney Company ["Company"] brings this interlocutory appeal following the circuit court's denial of its motion to dismiss for lack of personal jurisdiction. We reverse.
Jill Nelson was a guest at the Walt Disney World Resort Villas when, on March 5, 1990, she suffered injuries from a slip and fall accident while walking near her villa. She filed a complaint on January 16, 1992, against Walt Disney World Co. ["WDWCo."] in the Circuit Court in and for Orange County. Following a technical amendment, a second amended complaint was filed in January, 1995, naming WDWCo., Company, and Lake Buena Vista Communities, Inc. ["LBVC"] as defendants. Two more technical amendments followed, and, on June 15, 1995, Company was officially served with a copy of Nelson's unsworn fourth amended complaint.
The fourth amended complaint ["the complaint"] sounded in premises liability, essentially charging each defendant with the negligent maintenance of its property. Accordingly, counts I through III alleged negligence actions directly against, respectively, WDWCo., Company and LBVC. Counts IV through VII alleged negligence actions against these same parties through each other's actions under theories of agency. *402 Specifically, it was alleged that WDWCo. and LBVC were agents for each other and for Company.
Company responded by filing a motion to dismiss on the ground that the Florida court lacked personal jurisdiction over the foreign corporation. Accompanying the motion was the sworn affidavit of Marsha Reed, Company's corporate secretary, which contained the following:
5. The Company is a Delaware corporation incorporated November 24, 1986, and is qualified to do business in California and New York, having its principal place of business at 500 South Buena Vista Street, Burbank, California. The Company's business activities consist of the licensing of the reproduction of its copyrighted fanciful characters and other ancillary licensing agreements.
6. The Company is not qualified to do business in Florida, has not conducted business in Florida, does not do business in Florida, has neither incurred nor paid taxes to Florida, has not appointed an agent for service of process in Florida, has no office or place of business in Florida, has no employees in Florida, and owns no real estate in Florida.
7. WALT DISNEY WORLD CO. and LAKE BUENA VISTA COMMUNITIES, INC. are wholly owned subsidiaries of The Company. Neither act as agents for The Company in the State of Florida nor do they engage in any business or business ventures for or on behalf of The Company in Florida.
8. The Company maintains separate books, records and accounts from WALT DISNEY WORLD CO. and LAKE BUENA VISTA COMMUNITIES, INC.
9. The Company does not exercise any control or discretion over the day to day operations or policies of WALT DISNEY WORLD CO. or LAKE BUENA VISTA COMMUNITIES, INC.
10. The Company does not own, manage, operate or maintain the WALT DISNEY WORLD COMPLEX, the Walt Disney World Resort Villas or the Pompano Grill Restaurant.
At the hearing on the motion to dismiss, counsel for Nelson relied on the language in the complaint that WDWCo. and LBVC, which are Florida corporations, are agents of the Company. Counsel added that, since the Company admitted in its affidavit that WDWCo. and LBVC were wholly owned subsidiaries of the parent company, Company could not deny that it was doing business in Florida through its agents. Although brief reference was made at the hearing to two Company employee depositions taken prior to the Company's motion and which had been filed with the court, Nelson offered no affidavit or other sworn proof in response to Reed's affidavit. Nevertheless, the circuit court denied the Company's motion. We agree with the Company that the lower court erred in denying the motion to dismiss because the affidavit of Marsha Reed was unrebutted.
The propriety of long-arm jurisdiction in Florida is examined by means of a two-step analysis. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). First, the plaintiff must demonstrate that the defendant has met at least one of the long-arm jurisdictional criteria set forth in § 48.193. Once this burden is satisfied, the court must then determine whether federal due process requirements have been met, in that the defendant possesses certain minimum contacts with the state and maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278, 283 (1940)).
The burden of demonstrating the applicability of § 48.193 may initially be met by pleading facts within a jurisdictional basis contained in the statute. Fla. R. Civ. P. 1.070(i); Venetian Salami, 554 So.2d at 502. If the plaintiff has pled a prima facie case for jurisdiction, a simple motion to dismiss for lack of jurisdiction must fail, as a motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading. Venetian Salami, 554 So.2d at 502; Grogan v. Archer, 669 So.2d 289, 292 (Fla. *403 5th DCA 1996). If, however, the defendant supplements the motion with an affidavit contesting jurisdiction, then the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis. Venetian Salami, 554 So.2d at 502-03; Grogan, 669 So.2d at 292. If the affidavits are factually reconcilable, the trial court can resolve the issue on the basis of the affidavits; otherwise, an evidentiary hearing must be held. Venetian Salami, 554 So.2d at 503; Grogan, 669 So.2d at 292.
Taken in its best light, Nelson's complaint alleged that the Company, a foreign corporation, was conducting business in Florida by both its own operations and through the operations of its agents, WDWCo. and LBVC. These allegations were sufficient to state a prima facie case of jurisdiction under Florida's long-arm statute. See § 48.193(1)(a). They were, however, directly and completely contradicted by the affidavit of Marsha Reed, the Company's corporate secretary. The Company's status as parent of WDWCo. and LBVC was, without more, ineffective to establish long-arm jurisdiction under § 48.193. See Qualley v. International Air Serv. Co., 595 So.2d 194, 196 (Fla. 3d DCA 1992) (holding that the mere presence of a parent corporation's wholly-owned subsidiary in Florida is insufficient to bring the parent within § 48.193), cause dismissed, 605 So.2d 1265 (Fla.1992). These allegations were sufficient to shift the burden back to Nelson to produce sworn testimony in support of jurisdiction. See Venetian Salami, 554 So.2d at 502; Grogan, 669 So.2d at 292. No affidavit was filed in opposition to that of Reed; Nelson failed to meet her burden.
REVERSED and REMANDED.
W. SHARP and THOMPSON, JJ., concur.