PETERSON, Judge.
Zodiac Enterprises, Ltd. (“Zodiac”), a foreign corporation located in Hong Kong, appeals a non-final order denying its motion to dismiss for lack of personal jurisdiction. We reverse.
Darcey Jones brought suit against Zodiac and Custom Chrome, Inc., alleging that' an after-market brake master cylinder manufactured by Zodiac and installed on his motorcycle was the cause of his accident and injury. Zodiac challenged jurisdiction by asserting in an affidavit that it had no officers or agents in Florida, did not operate, conduct, engage in or carry on a business or business venture in Florida, has not and does not sell, lease, or consign any personal property directly or through any distributor, jobber or broker within the State of Florida, does not knowingly or intentionally involve itself in the Florida market or purposely avail itself of the Florida market for the benefit of Florida commerce and that it neither undertook a national marketing effort with regard to the product in issue nor in the ultimate sale of the product to a Florida purchaser. See § 48.193(1), Fla. Stat. (1995).
In China Products Northwest, Inc. v. D.J. Broesamle Co., 535 So.2d 619 (Fla. 1st DCA 1988), China Products, an importer/exporter, with an office in New York, procured chain manufactured in China and sold it to a hardware wholesaler in New Orleans. The chain eventually was used and caused injury after being sold by a retailer in Jefferson County, Florida. The appellate court excluded China Products from the Florida litigation because:
no reading of the facts ... would allow the conclusion that China Products knowingly and intentionally involved itself in the Florida market or purposely availed itself of the Florida market or the benefits of Florida commerce. It was entirely fortuitous from the perspective of China Products that this chain ended up in Florida and was involved in an accident here.
Id. at 622. See also, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (regional distributor and retail seller of automobile carried on no activity whatsoever in Oklahoma and could not be sued in that state even though foreseeable that automobiles sold by them may travel to that state; “The foreseeability critical to due process analysis is not the mere likelihood that a product will find its way into the forum state, but rather is that the defendant’s conduct and connection with the forum is such that he should reasonably anticipate being haled into court there”).
Zodiac’s answers to interrogatories indicate that it did not design or manufacture the cylinder. Zodiac did admit that it sold the type or model of cylinder installed on Jones’ motorcycle to Custom Chrome, a company located in California. Similar to the defendant in China Products, the only conclusion that one could reach from the record established at the trial court was that Zodiac was not the manufacturer, but a middleman or distributor of an allegedly defective product, who neither intentionally involved itself in, nor availed itself of, the Florida market.
We conclude the record does not reflect that Zodiac could have reasonably anticipated being haled into court in Florida for a product it sold to Custom Chrome, a California company. We reverse the trial court’s finding that Florida acquired personal jurisdiction over Zodiac. We find further grounds for reversal based upon the fact that plaintiff failed to prove a sufficient jurisdictional basis by affidavit or other sworn statement in response to Zodiac’s affidavit contesting jurisdiction. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Walt Disney Co. v. Nelson, 677 So.2d 400, 402-03 (Fla. 5th DCA 1996); Grogan v. *892 Archer, 669 So.2d 289, 292 (Fla. 5th DCA 1996).[1]
REVERSED.
THOMPSON and ANTOON, JJ., concur.

. We find Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305(Fla), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981) and S.G.A. Scientific, Inc. v. Rhodes, 474 So.2d 425 (Fla. 1st DCA 1985) inapplicable. The defendants contesting personal jurisdiction in those cases clearly processed, serviced or manufactured the alleged defective products for consumption within Florida in the ordinary course of commerce, trade or use. See § 48.193(l)(f)2, Fla. Stat. (1995).