FLETCHER, Judge.
HNA Holding, Inc. (formerly known as Hoechst Group d/b/a Hoechst Celanese Corp.) appeals from the denial of a motion to dismiss for lack of personal jurisdiction. For the reasons which follow, we reverse.
While inspecting a vacant commercial building located in South Carolina in preparation for submitting a bid for the work of removing asbestos from the site, Robert Lozano fell through the roof and was injured. He subsequently filed suit in the circuit court of Miami-Dade County against several entities, including appellant, seeking damages for his injuries and alleging negligence and failure to warn of a dangerous condition. HNA, which is a Delaware corporation with its principal place of business in New Jersey, challenged the court’s jurisdiction. Prior to the subject accident, the Hoechst Group underwent a corporate reorganization whereby it divested itself of all Hoechst Celanese Corp. business, including ownership of the building in question, and became the holding company HNA which has no direct ties with Florida although it does have subsidiaries in Florida. The building where the accident occurred was sold to *181 Florida-based C.I.C.C. Associates Limited Partnership (CICC), subject to an easement and a shared employee agreement for limited purposes, including that of environmental remediation.
In support of the trial court’s ruling, Lozano first argues that HNA’s contacts with Florida are sufficient to give the lower court specific jurisdiction under Florida’s long arm statute, section 48.193(1), Florida Statutes (1999). Lozano specifically points to the fact that Hoechst Celanese places its products in the stream of commerce in every state, including Florida, and that it had a contractual arrangement with CICC, which took place in Florida and directly related to the accident. With regard to the stream of commerce argument, however, Lozano fails to take into consideration that the entity placing products into the stream of commerce was Hoechst Celanese, which no longer exists, and not HNA. In addition, Lozano’s claims against HNA arise from allegedly tortious conduct in South Carolina and not on any failure to perform acts required by a contract in this state.
Notwithstanding the reorganization and sale of the property prior to the accident, Lozano alternatively contends that HNA’s contacts with Florida constitute sufficient support for general jurisdiction, under section 48.193(2), Florida Statutes (1999), which subjects a defendant who engages in substantial and not isolated activities within the state to its jurisdiction whether or not the claim arises from that activity. However, the post-reorganization and post-sale activities relied upon by ap-pellee to satisfy the requirements for general jurisdiction are those of HNA’s subsidiaries. The activities of a subsidiary cannot be imputed to the parent corporation for purposes of subjecting the latter to long-arm jurisdiction in this state. See Walt Disney Co. v. Nelson, 677 So.2d 400 (Fla. 5th DCA 1996); Qualley v. International Air Serv. Co., Ltd., 595 So.2d 194 (Fla. 3d DCA 1992).
Reversed and remanded.