**FEDERAL INSURANCE COMPANY, as Subrogee of Henry V. Keefe, Jr., Plaintiff,**

v.

**AMERICAN VULKAN CO., Vulkan Kupplungs–U Getriebebau, Defendants.**

**No. CIV.A. 02–12402–RBC.**

United States District Court, D. Massachusetts.

Nov. 28, 2006.

Thomas E. Clinton, Clinton & Muzyka, Terence G. Kenneally, Clinton & Muzyka, Boston, MA, Cristen C. Lebel, Marshall, Crane & McAloon, P.C., Burlington, MA, for Plaintiff.

Deborah M. Bies, Clark, Hunt & Embry, Cambridge, MA, Curtis L.S. Carpenter, Morrison Mahoney LLP, Allain P. Collins, Morrison, Mahoney, & Miller LLP, William J. Flanagan, Morrison, Mahoney, & Miller LLP, Boston, MA, William J. Hunt, Clark, Hunt & Embry, Cambridge, MA, Joshua D. Krell, Clark, Hunt & Embry, Cambridge, MA, for Defendants.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)(# 58) AND THE DEFENDANT'S RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (# 61)

COLLINGS, United States Magistrate Judge.

All parties agree that there is no personal jurisdiction over defendant Vulkan Kupplungs–U Getriebebau ("VK"), a German corporation, in Massachusetts. However, plaintiff seeks a transfer of the case to the Middle District of Florida ("Florida") pursuant to 28 U.S.C. § 1406(a) on the ground that that is a "...district...in which it could have been brought." Accordingly, in order for this Court to transfer the case to Florida, the Court must be able to find that there is personal jurisdiction over VK in Florida.

Florida's long-arm statute provides for personal jurisdiction in two ways: specific jurisdiction under § 48.193(1), Fla. Stat. (2002) when the cause of action arises from a party's contacts with Florida, and general jurisdiction under § 48.193(2), Fla. Stat. (2002) when the defendant is "engaged in

substantial and not isolated activity" within Florida, regardless of whether that activity is related to the cause of action.

At the November 7, 2006 hearing, the Court ruled from the bench that there is no basis upon which specific jurisdiction in Florida may be found on the record before the Court. The cause of action simply does not arise from any contacts VK had with Florida. The plaintiff argues that general jurisdiction over VK in Florida can be found on the basis that (1) VK maintains a repair facility at American Vulkan's ("AV") premises in Winter Haven, Florida and (2) that AV, although a separate corporation, is VK's agent in Florida.

■ The problem with the first theory is that there is no evidence that VK's activity at the repair facility is anything other than sporadic. The record does not contain any evidence upon which it could be found that VK engages in "substantial and not isolated" activity at the repair facility. § 48.193, Fla. Stat. (2002).

■ As to the second theory, in order to establish that AV is VK's agent for purposes of establishing general jurisdiction over VK, the record must show a pervasive degree of control by VK over AV's affairs. Thus, it must be shown that VK ". . . exercise[s] control to the extent [that AV] 'manifests no separate corporate interests of its own and functions solely to achieve the purposes of [VK]'." *Vantage View, Inc. v. Bali East Development Corp.*, 421 So.2d 728, 733 (Fla.Dist.Ct.App., 1982) *quoting Baker v. Raymond Internat'l, Inc.*, 656 F.2d 173, 181 (5th Cir.1981), *modified on other grounds by Dania Jai–Alai Palace v. Sykes*, 450 So.2d 1114 (Fla.1984). "The amount of control exercised by the parent must be high and very significant." *Enic, PLC. v. F.F. South & Co., Inc.*, 870 So.2d 888, 891 (Fla.Dist.Ct.App., 2004) (citing *State v. American Tobacco, Co.*, 707 So.2d 851 (Fla.Dist.Ct.App., 1998)).

"What is required for jurisdiction based on agency is not *some* control [ by VK] but '*operational* control' [by VK] over [AV]'." *General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F.Supp.2d 1335, 1344 (S.D.Fla., 2002) (emphasis in original) (citing *American Tobacco*, 707 So.2d at 856).

There is indeed some evidence that AV acts as an agent for VK. On its website, AV boasts that it "has managed North American operations for [VK]" for in excess of 25 years. (# 58 Ex. C at 8–11) But taking this as a true statement for purposes of the motion *sub judice*, this evidence alone is far from being sufficient to establish the type of relationship which Florida courts have held is necessary in order for personal jurisdiction to be found over a foreign corporation.

Thus, the Court rules that taking the evidence presented in the light most favorable to the plaintiff, the record does not support a finding that personal jurisdiction exists in Florida over VK. It follows that since the Middle District of Florida is not a ". . . district. . . in which [the case] could have been brought," 28 U.S.C. § 1406(a), the motion to transfer cannot be granted.

It is ORDERED that the Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1406(a)(# 58) be, and the same hereby is, DENIED and that Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (# 61) be, and the same hereby is, ALLOWED. Judgment shall enter accordingly.