KLINGENSMITH, J.
Appellees Rafael Mawardi,' Isaac Ma-wardi, and Limor Mawardi filed a lawsuit against appellants Geoffery W. Edelsten, Altéis Management USA, LLC (a Florida limited liability company), and its wholly-owned subsidiary Barrington Spring House, LLC (an Ohio limited liability company) and numerous other corporations in connection with various business transactions and investments, including an apartment complex located in Dayton, Ohio. During the course of the litigation, the trial court entered an order granting ap-pellees’ Emergency Motion for Appointment of Receiver regarding this Ohio property. For the reasons set forth below, we hold that the trial court lacked the authority to appoint a Florida resident as a receiver over Ohio real estate owned by an Ohio corporation.
In section II of the subject order under review, the trial court appointed the Florida receiver over Altéis for the express “purpose of maintaining the status quo and insuring the real estate owned in Dayton, OH is not further encumbered, and insuring that the financial needs for continued operation of the apartment complex are met to the extent possible from the rental receipts and from the sale of receiver certificates.” The order made no express finding about the ownership of the Ohio real estate, instead stating only that: “Defendants, ALTELS MANAGEMENT, LLC, a Florida LLC, and/or BARRING-TON SPRING HOUSE, LLC, an Ohio LLC, own property known as the River-view Park Apartments located in Dayton, OH.”
The record reflects that the recorded deed, as well as the note and mortgage on the property, show that the apartments are owned by Barrington Spring House, LLC.[1] Despite this, the trial court empowered the Florida resident receiver to “take control of any and all existing accounts” and to “sell receiver certificates against the Ohio real estate to fund the ongoing operation of the Ohio property and for the purpose of covering any shortfall.”
Here, the trial court clearly intended to take control over the parent company (Al- *461 tels) of the Ohio subsidiary (Barrington Spring House) as a means of controlling the apartment complex. However, the ap-pellees have presented no authority that would enable the trial court to properly exercise jurisdiction and control over an Ohio corporation by appointment of a Florida resident receiver. While the court may have had jurisdiction to appoint a receiver over the Florida corporation, this alone does not confer authority for appointing a receiver over any wholly-owned subsidiary. See Reynolds Am., Inc. v. Gero, 56 So.3d 117,120 (Fla. 3d DCA 2011) (stating it is “well settled that ‘[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities’ ”); Am. Int’l Grp., Inc. v. Cornerstone Bus., Inc., 872 So.2d 333, 336 (Fla. 2d DCA 2004) (same). Likewise, there is no authority under Florida law that permits the appointment of a Florida resident receiver to control real estate located in another state. See Richardson v. S. Fla. Mortg. Co., 102 Fla. 313, 136 So. 393, 396 (1931) (“The general rule and one which obtains in many if not all the states as in the federal courts is: He [a receiver] has no extra territorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor’s property_”) (citations and internal quotations omitted) (alteration in original); cf. Paciocco v. Young, Stem & Tannenbaum, P.A., 481 So.2d 39, 39 (Fla. 3d DCA 1985) (“A Florida trial court has no in rem jurisdiction over notes secured by mortgages on real property located in a foreign state .... ”).
The trial court’s appointment of the Florida resident receiver to oversee an Ohio corporation, and its Ohio real estate, also runs contrary to Ohio law, which expressly provides:
No party, attorney, or person interested in an action shall be appointed receiver therein except by consent of the parties. No person except a resident of this state shall be appointed or act as receiver of a railroad or other corporation within this state.
Ohio Rev. Code Ann. § 2735.02 (emphasis added); see also Metro. Sav. Bank v. Papadelis, No. 2380-M, 1995 WL 542214 (Ohio CtApp. Sept. 13, 1995) (“[T]he only limiting qualifications imposed upon a receiver are that except by consent, a party, attorney or person interested in the case cannot serve as a receiver, and a receiver of a corporation or railroad must be an Ohio resident.”).
As such, the trial court erred in appointing a Florida receiver to control an Ohio corporation and property. We therefore reverse section II of the court’s order, and remand for the termination of the receivership over Barrington Spring House, LLC, and its real property in Ohio.

Reversed and Remanded.

WARNER and FORST, JJ., concur.

. As part of their claim, appellees assert that this mortgage was fraudulently placed on this property by Edelsten.