# Third District Court of Appeal
## State of Florida

Opinion filed February 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0933
Lower Tribunal No. 22-22400-CA-01
_____


**Catherine E. Czyz,**
Appellant,

vs.

**Progressive Michigan Insurance Company, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Daryl, E. Trawick, Judge.

Catherine E. Czyz, in proper person.

Boyd Richards Parker & Colonnelli, P.L., and Yvette R. Lavelle and Mayda Z. Mallory, for appellee Progressive Michigan Insurance Company.


Before SCALES, C.J., and LOGUE and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Meyer v. Auto Club Ins. Ass'n, 492 So. 2d 1314, 1315 (Fla. 1986) ("Petitioner was a Michigan resident who contracted for automobile insurance with respondent, a Michigan insurance company. At the time this contract was entered into, both parties were located in Michigan, not Florida. The property covered under the policy and the risk insured against were likewise in Michigan, not Florida. These facts clearly negate the applicability of [section 48.193(1)(a)4., Fla. Stat.]."); USAA Cas. Ins. Co. v. MSP Recovery Claims, Series LLC, Nos. 3D24-1056, 3D24-1316, 3D24-1278, 2025 WL 3650282, at *5 (Fla. 3d DCA Dec. 17, 2025) (finding that where plaintiff did not "assert any breaches of Florida insurance contract claims," they "did not connect their equitable claims to the insurers' alleged Florida activities"); Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1132 (Fla. 3d DCA 2018) ("The court must first determine whether sufficient jurisdictional facts exist to bring the action within the ambit of Florida's long-arm statute (section 48.193), and then it must determine whether the foreign corporation possesses sufficient 'minimum contacts' with Florida to satisfy federal constitutional due process requirements." (quoting Reynolds Am., Inc. v. Gero, 56 So. 3d 117, 119 (Fla. 3d DCA 2011)) (cleaned up)).