547 So.2d 318 (1989)
Lawrence McHUGH and Janet McHugh, Appellants,
v.
Douglas KENYON, Etc., et al., Appellees.
No. 88-3047.
District Court of Appeal of Florida, Fourth District.
August 9, 1989.
*319 Jeffrey M. Liggio of Liggio & Luckman, West Palm Beach, for appellants.
Cynthia A. Rudy of McManus, Wiitala & Contole, P.A., North Palm Beach, for appellee-Ching Luen Enterprises Co.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellee's motion for rehearing. However, we withdraw the opinion issued on June 28, 1989 and substitute the following corrected opinion:
This is an appeal from an order granting a motion to dismiss a defendant, Ching Luen Enterprises Company, Ltd., for lack of personal jurisdiction. Appellant was injured when a ladder he was using broke. The ladder had been purchased at Home Depot. The retailer had acquired it from a national distributor. The appellee is a Taiwanese firm that designed and manufactured the product. We reverse.
The appellee conducts no business, has no salesmen or distributors, and has no other ties in Florida or the United States. Nevertheless, there is jurisdiction over the defendant under the long arm statute, section 48.193, Florida Statutes (1985), where the appellee's products have been placed into the stream of commerce and there is a reasonable expectation that large numbers will be purchased here. E.g., Louis Winer Co. v. San Francisco Mercantile Co., 501 So.2d 171 (Fla. 4th DCA 1987). See also Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981).
A manufacturer that produces hundreds of thousands of product units that are distributed over a five-year period in the United States, of which at least 6,000 were marketed in Florida, should reasonably anticipate being sued in this state in connection with product defects causing injury. It does not offend traditional notions of fair play and justice to permit the manufacturer to be sued in the fourth most populous state in the country under such circumstances. The order granting the motion is reversed. We remand for further proceedings.
WALDEN, GUNTHER and STONE, JJ., concur.