689 So.2d 1293 (1997)
PLANTATION-PIONEER INDUSTRIES CORPORATION, a Michigan Corporation, Appellant,
v.
Yvonne M. KOEHLER and Omega Insurance Company, as Subrogee of Yvonne M. Koehler, and Kmart Corporation, a Michigan Corporation, Appellees.
No. 96-1310.
District Court of Appeal of Florida, Fourth District.
March 26, 1997.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for Appellant.
John T. Kennedy of The Injury Law Offices of John T. Kennedy, Stuart, for Appellees Yvonne M. Koehler and Omega Insurance Company.
PER CURIAM.
Plaintiffs Yvonne Koehler and her insurance carrier sued KMart and appellant Plantation-Pioneer Industries Corp. ("Plantation"), alleging that a defective power strip caused a fire that destroyed Koehler's house. Plaintiffs contended that Koehler bought the power strip at KMart and that it was distributed by Plantation. The three counts of the amended complaint directed against Plantation involved strict liability and negligent failure to warn. There was no claim against Plantation for breach of warranty. Plantation filed a motion to dismiss on several grounds, including lack of personal jurisdiction.
The record evidence established that Plantation is a Michigan corporation involved only in the selling of the power strips. Plantation neither manufactures nor distributes the product. Plantation has no offices in Florida, nor does it have any sales personnel traveling into the state. All sales demonstrations are made outside of Florida. A Hong Kong corporation distributes the power strips. The product never passes through Michigan, but is shipped directly from Hong Kong to the retailer. Plantation does not handle the *1294 sales paperwork. It receives copies of the orders and shipping reports and becomes involved only if the customer does not get a shipment on time. Plantation is listed as the contact on the written limited warranty included with the product and it handles consumer complaints. If a product is claimed to be defective, Plantation arranges and pays for testing, but the Hong Kong corporation is ultimately financially responsible for the warranty claims. Typically, the customer returns the product to the retailer and gets a refund or replacement.
KMart's buyer confirmed that the power strips purchased from the Hong Kong company for sale in Florida are shipped directly from the Orient to the Ocala distribution center, "f.o.b. Hong Kong." The buyer has traveled to Hong Kong to purchase product and Plantation has made sales presentations to him in Michigan. KMart's purchase orders are prepared by its import department and sent to the company's overseas office, where the purchases are made using letters of credit. KMart forwards all customer complaints concerning the product to Plantation in Michigan.
The trial court denied Plantation's motion to dismiss, finding that its listing as the representative on the limited warranty and handling of consumer complaints, combined with the knowledge that the products were being sold in Florida, were sufficient to confer personal jurisdiction under both the long-arm statute and the federal constitutional requirement of "minimum contacts" with Florida.
Initially, we address appellees' procedural objection. They contend that under Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), a defendant must file affidavits, and no other form of sworn evidence, to support a motion to dismiss for lack of personal jurisdiction. Although Venetian Salami did use the term "affidavits" in describing the procedure for a challenge to personal jurisdiction, this was probably because motions to dismiss are usually filed so early in a case that other forms of sworn proof are not available. The purpose of affidavits is to identify salient facts so the trial court can either harmonize competing affidavits and rule on the jurisdictional issue or set a limited evidentiary hearing if the facts are in conflict. There is nothing magical about affidavits such that they should be the only method of crystallizing jurisdictional facts. Other competent sworn proof, such as depositions or a verified complaint may substitute for affidavits to support parties' allegations as to jurisdiction. Stern v. Cox, 651 So.2d 757 (Fla. 1st DCA 1995); Tobacco Merchants Ass'n v. Broin, 657 So.2d 939, 941 n. 3 (Fla. 3d DCA 1995).
To determine whether long-arm jurisdiction is proper, Venetian Salami requires a two step inquiry. 554 So.2d at 502. First, the court must determine whether a defendant's conduct brings it within the language of the long-arm statute. Second, if the statute is applicable, the court must decide whether the defendant has sufficient minimum contacts with Florida to satisfy due process requirements. The applicable portion of Florida's long-arm statute, section 48.193(1)(f), Florida Statutes (1995), provides in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * *
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
There is no evidence that Plantation engaged in solicitation or service activities within Florida. Its solicitations occurred from or in Michigan. Even assuming that the processing *1295 of warranty claims constitutes "service activities" within the meaning of subsection (f)1, Plantation conducts such activities entirely from Michigan. Plantation did not manufacture or process the power strip as is required by subsection (f)2.
If Plantation has subjected itself to Florida's jurisdiction, it must be because its warranty related activities constitute the "servicing" of goods under subsection (f)2. However, the term does not involve the after-the-fact customer service here at issue. The statute's use of the term "serviced" connotes some hands-on contact with the product before it comes into the possession of the ultimate consumer. For example, in Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977), a North Carolina auto dealer performed repair work on a vehicle pursuant to a Chrysler recall notice. The car was ultimately sold to Florida consumers, who filed a lawsuit in this state. Although the dealer challenged personal jurisdiction, it conceded that it came within the scope of section 48.193(1)(f)2 "which permits process upon a defendant who services a product used within this state, with resulting injury to the user." Id. at 132. Similarly, in Chatham Steel Corp. v. Brown, 858 F.Supp. 1130, 1146-47 (N.D.Fla.1994), the court refused to find that a defendant "serviced" a product under Florida's long-arm statute by merely taking possession of it, without making any physical alteration to it, prior to the product entering Florida.
Here, Plantation never touched the product before it entered Florida or before it was sold to the consumer. This was not a case where damage occurred after any "service" activities performed by Plantation. If appellant serviced a product at all, it was only after the consumer returned it. Typically, by the time the product came into Plantation's possession, the consumer would have already received either a refund or a replacement, so that Plantation's contact with the product resulted in its removal from the stream of commerce. Because we hold that Plantation's conduct did not fall within the long-arm statute, we do not reach the issue of whether Plantation had sufficient minimum contacts with Florida to satisfy due process requirements.
We reverse the order appealed from and remand the case to the trial court with directions to dismiss the amended complaint against Plantation, without prejudice, for lack of personal jurisdiction.
STONE, SHAHOOD and GROSS, JJ., concur.