922 So.2d 361 (2006)
Scott BLUMBERG, Appellant,
v.
STEVE WEISS & COMPANY, INC., Appellee.
No. 3D05-1287.
District Court of Appeal of Florida, Third District.
March 1, 2006.
*362 Herman & Mermelstein and Jeffrey M. Herman, Miami, for appellant.
*363 Hunton & Williams and Jeffrey W. Gutchess, Miami, and Joseph J. Saltarelli, New York, NY, for appellee.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
Scott Blumberg (Blumberg) appeals an order dismissing his products liability complaint against Steve Weiss & Company, Inc. (SWCI) for lack of personal jurisdiction. As we agree with the trial court that SWCI lacked sufficient minimum contacts with Florida to establish jurisdiction over SWCI and we additionally conclude that the requirements of the long-arm statute have not been met, we affirm.
Blumberg alleges that he suffered a severe stroke resulting in continuing and permanent injuries due to ingesting, in recommended doses, Adipo Kinetix, a nutritional supplement which contained Norephedrine HCI, a synthetic form of ephedra. The defendant, SWCI, a New York corporation with its principal place of business in New York City, has no offices in the State of Florida. SWCI purchased the Norephedrine from an overseas seller and then sold it to Syntrax Innovations, Inc. (Syntrax), a Missouri company, for delivery in Utah, shipping it in its original containers, without making any physical alterations to the product. Syntrax then used the Norephedrine as the principal ingredient in Adipo Kinetix. Blumberg purchased the Adipo Kinetix over the internet in Florida, and suffered his injuries in Florida. Blumberg sued SWCI, but not Syntrax. SWCI moved to dismiss for lack of personal jurisdiction, and the parties conducted jurisdictional discovery. After a hearing, the trial court granted SWCI's motion to dismiss for lack of personal jurisdiction, based upon its finding that SWCI lacked sufficient minimum contacts with Florida to establish jurisdiction.
A trial court's dismissal for lack of jurisdiction is reviewed de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002). Florida courts follow a two-part inquiry to determine whether specific jurisdiction exists over a non-resident defendant. See id. at 1257 (quoting Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000)); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). First, the court must determine whether the requirements of the long-arm statute are met, strictly construing the statute in favor of non-resident defendants. Wendt, 822 So.2d at 1256; Venetian Salami, 554 So.2d at 502; Pluess-Staufer Indus., Inc. v. Rollason Eng'g & Mfg., Inc., 635 So.2d 1070, 1072 (Fla. 5th DCA 1994); W.C.T.U. Ry. Co. v. Szilagyi, 511 So.2d 727, 728 (Fla. 3d DCA 1987). Second, if the long-arm statute is applicable, the court must determine whether sufficient minimum contacts exist between Florida and the defendant to satisfy due process requirements. Wendt, 822 So.2d at 1256; Venetian Salami, 554 So.2d at 502.

LONG-ARM JURISDICTION
Long-arm jurisdiction may be established pursuant to subsections 48.193(1)(b) and 48.193(1)(f)(2), Florida Statutes. Section 48.193(1)(b) provides that a defendant is within the scope of Florida's long-arm jurisdiction if he commits a tortious act within the state. Section 48.193(1)(f)(2) provides that a defendant submits himself to the jurisdiction of Florida's courts when he causes injury within the state arising out of an act committed outside of the state if, at or about the time of the injury, "products materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the *364 ordinary course of commerce, trade, or use."
The Florida Supreme Court has held that, under section 48.193(1)(b), in order to commit a tortious act "within this state," a defendant's physical presence is not required. Wendt, 822 So.2d at 1260. Therefore, telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction if the alleged cause of action arises from those communications. Id.; see also Acquadro v. Bergeron, 851 So.2d 665 (Fla.2003). Similarly, a conspiracy to fix the price of a product throughout the United States, including Florida, was determined to bring the conspirators within the jurisdiction of the state. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582 (Fla. 2000).
While a defendant's physical presence in the state is not required, it is not, however, enough that the actions of a defendant committed outside of Florida ultimately have consequences in Florida. Korman v. Kent, 821 So.2d 408, 411 (Fla. 4th DCA 2002). Instead, his actions must directly cause injury or damage within the state. Id. at 410. In the instant case, although SWCI's action in selling Norephedrine to Syntrax may have had ultimate consequences in Florida because Syntrax placed the Norephedrine in a nutritional supplement which was sold here, the sale of the product to Syntrax itself did not directly cause damage within this state. We, therefore, conclude that SWCI's actions are insufficient to bring it within Florida's jurisdiction under section 48.193(1)(b).
We also conclude that jurisdiction pursuant to section 48.193(1)(f)(2) was not established. It is undisputed that SWCI did not manufacture the Norephedrine. The issue therefore was whether it "processed" or "serviced" the Norephedrine within the meaning of the statute. In Plantation-Pioneer Industries Corp. v. Koehler, 689 So.2d 1293 (Fla. 4th DCA 1997), the plaintiff sued a seller of an allegedly defective power cord. Id. at 1293. The seller did not manufacture or distribute the power cord, and the power cords never passed through the seller, but were shipped directly from the Hong Kong distributor to the retailer. Id. The Fourth District found that Florida did not have jurisdiction pursuant to subsection (1)(f)(2) because the seller did not process the power cords. Id. at 1295. The court found that "[t]he statute's use of the term `serviced' connotes some hands-on contact with the product before it comes into the possession of the ultimate consumer." Id. It relied, in part, on Chatham Steel Corp. v. Brown, 858 F.Supp. 1130, 1146-47 (N.D.Fla.1994), in which the court refused to find that a defendant "serviced" a product under Florida's long-arm statute by merely taking possession of it, without making any physical alteration to it, prior to the product entering Florida.
In Wetzel v. Fisherman's Wharf of Pompano Beach, Inc., 771 So.2d 1195 (Fla. 4th DCA 2000), a plaintiff sued for the wrongful death of her husband after one of the fireworks he was working with prematurely detonated. Id. at 1196. The defendant did not manufacture the fireworks, but purchased them from manufacturers and resold them. Id. at 1197. The Fourth District found that, because the defendant had assembled nearly four thousand cases of fireworks from manufacturers for shipment to Broward County, Florida, it had engaged in "processing" under subsection (1)(f)(2). Id. at 1198. It explained that "[t]he conduct of a wholesaler in bringing together large quantities of goods for shipment, amounts to `processing' of the goods within the meaning of section 48.193(1)(f)2." Id.
*365 In the instant case, SWCI purchased the Norephedrine from an overseas seller and then sold it to Syntrax, shipping it in its original containers, without making any physical alteration to the Norephedrine, or coming into any "hands-on" contact with the Norephedrine. It also did not assemble and package large quantities of goods together as the defendant in Wetzel did. Given SWCI's minimal contact with the Norephedrine, we conclude that it did not engage in "processing" or "servicing" under section 48.193(1)(f)(2), and therefore did not subject itself to Florida's long-arm jurisdiction.

MINIMUM CONTACTS
In addition to failing to meet the jurisdiction requirements of either section 48.193(1)(b) or 48.193(1)(f)(2), we conclude that the plaintiff was unable to establish sufficient minimum contacts between SWCI and the State of Florida for Florida courts to constitutionally exercise jurisdiction over SWCI.
In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the United States Supreme Court held that, in order for a state to exercise jurisdiction over a defendant in satisfaction with the fourteenth amendment's due process requirements, the defendant's conduct and connection with the forum state must be such that it "should reasonably anticipate being haled into court there." "In order for a non-resident defendant to reasonably anticipate such litigation in the forum state, `it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" deMco Techs., Inc. v. C.S. Engineered Castings, Inc., 769 So.2d 1128, 1131 (Fla. 3d DCA 2000)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Although Blumberg argues that it was foreseeable that the Norephedrine SWCI sold to Syntrax would end up in Adipo Kinetix and be sold to someone in Florida, the foreseeability that a product will find its way into a forum state is not enough, by itself, to allow that state to constitutionally exercise jurisdiction over an out-of-state defendant. World-Wide Volkswagen, 444 U.S. at 296-97, 100 S.Ct. 559. Instead, "the foreseeability that is critical to due process analysis" is the foreseeability that a defendant could be haled into court in the forum state due to its conduct and connection with that state. Id. at 297, 100 S.Ct. 559.
In the instant case, SWCI has no connection with Florida. SWCI is a New York corporation with its principal place of business in New York City, and it has no office in the State of Florida. It is undisputed that SWCI does not advertise, do business, or solicit business in Florida. SWCI did nothing to avail itself of the Florida market. It was simply a middleman, who obtained Norephedrine from an overseas seller, and sold it to Syntrax, a Missouri company, for delivery in Utah. SWCI could not have reasonably foreseen that it would be haled into a Florida court based on Syntrax including the Norephedrine that it purchased from SWCI in a product that was eventually sold in Florida. See Zodiac Enters., Ltd. v. Jones, 707 So.2d 890, 891 (Fla. 5th DCA 1998)(explaining that a foreign corporation, who was not the manufacturer, but a middleman or distributor of an allegedly defective product, who neither intentionally involved itself in, nor availed itself of, the Florida market, could not have reasonably anticipated being haled into court in Florida for a product that it sold to a California company). As SWCI has no connection *366 with Florida and did not purposefully avail itself of the privilege of doing business in this state, a Florida court cannot constitutionally exercise jurisdiction over it. Accordingly, we find that the trial court correctly dismissed the products liability action for lack of personal jurisdiction.[1]
Affirmed.
NOTES
[1] Because SWCI does not have sufficient minimum contacts with Florida pursuant to World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), we need not address the parties' argument as to whether the plurality opinion in Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), sets forth a stricter standard and whether that standard applies in Florida.