# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-3028
LT Case No. 2023-CA-000541

_____

LA FIDUCIARIA, S.A.,

    Appellant,

    v.

ERICK PORTUGUEZ and
MITSUBISHI POWER AMERICAS,
INC.,

    Appellees.

_____

On appeal from the Circuit Court for Seminole County.
Jessica J. Recksiedler, Judge.

Michael A. Tessitore and Jason P. Del Rosso, of Moran Kidd
Lyons Johnson Garcia, P.A., Orlando, for Appellant.

Rodrigo S. Da Silva, of Law Offices of Rodrigo S. Da Silva, P.A.,
Miami Beach, for Appellee, Erick Portuguez.

Jamie Billotte Moses, B.C.S., and David E. Cannella, B.C.S., of
Holland & Knight LLP, Orlando, for Appellee, Mitsubishi
Power Americas, Inc.

November 8, 2024

PRATT, J.

La Fiduciaria, S.A. appeals the circuit court's denial of its motion to dismiss for lack of personal jurisdiction in a suit filed by Erick Portuguez against La Fiduciaria and Mitsubishi Power Americas, Inc. ("Mitsubishi").[1] Because La Fiduciaria filed a legally sufficient declaration contesting personal jurisdiction, and because Portuguez offered no counter-declaration or affidavit of his own, we reverse.

## I.

Portuguez is a citizen of Peru residing in Spain who intends to become a lawful permanent resident of Florida. La Fiduciaria is a Peruvian corporation, incorporated and located in Peru, that serves as a trustee for a beneficiary in Florida. The beneficiary—Mitsubishi—is a foreign corporation incorporated under the laws of Delaware with its principal place of business in Florida.

According to the operative complaint,[2] La Fiduciaria, along with Aleksandra Portugese-Ecegaraje, owned a 60.33% equity interest in a Peruvian power company, Gaz Et L'Energie, S.A.C. ("GAZ"). On October 18, 2017, Portuguez and his business partner agreed to sell their equity interest to Energia Green Evolution Sur, S.A.C. ("Energia Green"), another Peruvian power company. Under the deal, Mitsubishi was to fund Energia Green's acquisition of GAZ by paying $5,000,000 to Portuguez and his business partner or by making a capital contribution to GAZ. For reasons unknown, Mitsubishi failed to pay the last $1,000,000, and the deal fell through.

The dispute went to arbitration, and Portuguez and his business partner prevailed. In his complaint, Portuguez alleges that, before the arbitration concluded and in anticipation of its outcome, Mitsubishi acted in concert with Energia Green and GAZ

---

[1] Although an appellee, Mitsubishi is aligned with La Fiduciaria and seeks reversal in its answer brief.

[2] For purposes of this appeal, we take as true the complaint's non-jurisdictional factual allegations.

2

to transfer all of Energia Green's and GAZ's assets to a trust that designated Mitsubishi as its beneficiary ("Peruvian Trust"). Peruvian Trust, in turn, was administered by La Fiduciaria as its trustee. Peruvian Trust was signed on February 4, 2020, and registered on the Peruvian Public Registry on July 14, 2021. Thus, when Portuguez and his business partner won their arbitration against Energia Green and GAZ, they could not collect against Energia Green's and GAZ's assets because those assets were shielded by Peruvian Trust. Eventually, Portuguez's business partner relinquished her ownership stake to him.

On April 28, 2023, Portuguez filed his amended complaint against La Fiduciaria and Mitsubishi in the Circuit Court for Seminole County, alleging breach of contract as a third-party beneficiary, and two counts of fraudulent transfer. On July 10, 2023, La Fiduciaria filed a document titled "Amended Declaration of Diego Alberto Uribe Mendoza," in which the declarant—La Fiduciaria's legal manager—stated that La Fiduciaria is incorporated in Peru, has its registered office and principal place of business in Peru, and "does not have, and never has had, any offices in the state of Florida or anywhere in the United States of America." He further declared that: La Fiduciaria has never solicited business or conducted any substantial, non-isolated business within the State; it has never targeted Florida citizens with advertising; it has never owned, leased, used, possessed, or held a mortgage or other lien on any real property in Florida; it has never entered into, or performed, any contracts in Florida; it has never conducted trust structuring or trust management activities in the State; it has no employees working or residing in Florida; and Peruvian Trust's assets and real property are not located in Florida. Mendoza's declaration was signed under penalties of perjury. It was later amended to disclose that La Fiduciaria, in an unrelated business transaction, had since opened a Miami bank account "in its capacity as trustee for" a different client in a matter wholly unrelated to Portuguez's suit. Portuguez did not submit any counter-declaration, affidavit, or other sworn proof or evidence to contest the declaration.

On July 11, 2023, La Fiduciaria moved to dismiss the amended complaint for lack of personal jurisdiction, relying on the declaration. The court held a hearing and orally denied the motion

3

to dismiss. At this point, counsel for La Fiduciaria argued that the motion must be granted because "[w]e're actually beyond the stage of the allegations of the complaint" under *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), La Fiduciaria had filed a declaration contesting personal jurisdiction, and Portuguez had filed no counter-affidavit in response. The court adhered to its ruling. In its written order, the court concluded that La Fiduciaria was subject to specific personal jurisdiction under Florida's long-arm statute. *See* § 48.193(1)(a), Fla. Stat. (2023).

Three days later, La Fiduciaria timely appealed. We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(C)(i).

## II.

The Mendoza declaration made a prima facie showing of a lack of personal jurisdiction; it contained facts that, if true, would remove La Fiduciaria from the general and specific personal jurisdiction over foreign defendants that Florida's long-arm statute confers on the state courts. *See* § 48.193(1)(a), (2), Fla. Stat. (2023).[3] However, Portuguez argues that a declaration is not the kind of document that may substantiate a motion to dismiss for lack of personal jurisdiction. We disagree.

## A.

*Venetian Salami* "set[s] forth a two-part test to determine whether a Florida state court has long-arm jurisdiction over a nonresident." *Yarger v. Convergence Aviation Ltd.*, 310 So. 3d 1276, 1279 (Fla. 5th DCA 2021). The first part is statutory— whether the complaint alleges sufficient jurisdictional facts to bring an action within the ambit of Florida's long-arm statute. *Venetian Salami*, 554 So. 2d at 502. If the complaint is sufficient, then the second prong is considered—whether "the due process

---

[3] We reject, without further discussion, Portuguez's contention that La Fiduciaria's service as trustee of Peruvian Trust, in itself, subjects La Fiduciaria to the long-arm jurisdiction of Florida's courts under section 48.193.

4

requirement of minimum contacts" has been satisfied. *Id.* "Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

The Court in *Venetian Salami* also outlined the procedure for determining personal jurisdiction. First, the plaintiff pleads facts relating to jurisdiction in the complaint. 554 So. 2d at 502. "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." *Id.* "The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." *Id.*

**B.**

Portuguez contends that, because the Mendoza declaration did not take the form of an affidavit, it could not substantiate the motion to dismiss under *Venetian Salami.* We think that this argument slices *Venetian Salami* too thinly.

It is true that *Venetian Salami* speaks in terms of "affidavits." 554 So. 2d at 502. However, affidavits—which are sworn before an officer authorized to administer oaths—are merely one way that Florida law authorizes a person to verify a document. *See* § 92.525(1), Fla. Stat. (2023). Another way is "the signing of [a] written declaration" stating, "[u]nder penalties of perjury," that "the facts stated in [the document] are true." *See* § 92.525(1)(c), (2). Mendoza's signed declaration contained such a statement, thus verifying the document under section 92.525.

We do not read *Venetian Salami* to remove from defendants an option for verifying documents that Florida law affords them, and that no statute or procedural rule denies to them. In so holding, we adhere to our court's prior observation that, once a plaintiff alleges sufficient facts to confer long-arm jurisdiction, the defendant "must file affidavits *or other sworn testimony* to substantiate its claim that Florida's long arm statute is inapplicable to it." *Enic, PLC v. F.F. S. & Co., Inc.*, 870 So. 2d 888, 890 (Fla. 5th DCA 2004) (emphasis added). We also align ourselves with the Third and Fourth Districts. *See Ningbo Daye Garden*

5

*Mach. Co. v. Int'l Glob. Res. Corp.*, 384 So. 3d 220, 225–26 (Fla. 4th DCA 2024); *Parisi v. Kingston*, 314 So. 3d 656, 663 (Fla. 3d DCA 2021) (recognizing that a complaint pleading "a legally sufficient basis for extending long-arm jurisdiction over a nonresident defendant" triggers the defendant's burden "to file an affidavit, declaration or present other evidence to contest personal jurisdiction"); *Def. Control USA, Inc. v. Atlantis Consultants Ltd. Corp.*, 4 So. 3d 694, 696 (Fla. 3d DCA 2009) ("We also conclude that the declarations filed by Atlantis . . . were sufficient to be considered in the same fashion as 'affidavits' under the key jurisdictional case of *Venetian Salami* . . . .").

As the Fourth District has observed:

> "Although *Venetian Salami* did use the term 'affidavits' in describing the procedure for a challenge to personal jurisdiction, this was probably because motions to dismiss are usually filed so early in a case that other forms of sworn proof are not available. The purpose of affidavits is to identify salient facts so the trial court can either harmonize competing affidavits and rule on the jurisdictional issue or set a limited evidentiary hearing if facts are in conflict. *There is nothing magical about affidavits such that they should be the only method of crystalizing jurisdictional facts. Other competent sworn proof, such as depositions or a verified complaint may substitute for affidavits to support parties' allegations as to jurisdiction.*"

*Ningbo Daye Garden Mach. Co.*, 384 So. 3d at 225–26 (emphasis added) (quoting *Plantation Pioneer Indus. Corp. v. Koehler*, 689 So. 2d 1293, 1294 (Fla. 4th DCA 1997)).

Because the Mendoza declaration's verified facts made a prima facie showing of a lack of personal jurisdiction, the burden shifted to Portuguez to contest those facts and prove the basis for jurisdiction. *Venetian Salami*, 554 So. 2d at 502. Because Portuguez submitted no counter-declaration, affidavit, or other

6

sworn testimony, he failed to shoulder that burden. Therefore, La Fiduciaria's motion to dismiss should have been granted.[4]

## III.

For the foregoing reasons, we reverse the trial court's order denying La Fiduciaria's motion to dismiss for lack of personal jurisdiction and remand this case with instructions to grant the motion.

REVERSED and REMANDED with instructions.

HARRIS and BOATWRIGHT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

———————————————

[4] We reject Portuguez's fallback suggestion that the case be remanded for an evidentiary hearing. *See Thorpe v. Gelbwaks*, 953 So. 2d 606, 609 (Fla. 5th DCA 2007) (evidentiary hearing not needed where jurisdictional facts are not disputed); *Georgia v. Archer*, 669 So. 2d 289, 292, 294 (Fla. 5th DCA 1996) (ordering circuit court to quash service of process for lack of jurisdiction without ordering an evidentiary hearing after plaintiff failed to file a counter-affidavit); *see also Travel Ins. Facilities, PLC v. Naples Cmty. Hosp., Inc.*, 367 So. 3d 611, 615 (Fla. 6th DCA 2023) ("Should the plaintiff fail to produce sworn proof refuting the defendant's allegations and establishing jurisdiction, the motion to dismiss must be granted."); *Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 804 (Fla. 4th DCA 2018) ("An evidentiary hearing is not required, however, when the plaintiff fails to file a counter-affidavit to refute the defendant's affidavit.").