# Third District Court of Appeal
## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-1056, 3D24-1316, 3D24-1278
Lower Tribunal Nos. 18-42110-CA-01, 1842205-CA-01, 18-42463-CA-01

_____

**USAA Casualty Insurance Company, et al., Progressive Advanced Insurance Company, et al., and MGA Insurance Company, Inc., etc.,**
Appellants,

vs.

**MSP Recovery Claims, Series LLC, etc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Akerman LLP, Alexander J. Hall, Valerie B. Greenberg, and Nancy A. Copperthwaite, for appellants.

MSP Recovery Law Firm and Ryan H. Susman, for appellees.

Before EMAS, FERNANDEZ and LINDSEY, JJ.

FERNANDEZ, J.

In case numbers 3D24-1056, 3D24-1278, and 3D24-1316, defendants/appellants USAA Casualty Insurance Company and USAA General Indemnity Company ("USAA"); MGA Insurance Company; and Progressive Advanced Insurance Company, et al. ("Progressive"), respectively, appeal the trial court's orders in each of their appeals denying their motions to dismiss for lack of personal jurisdiction. Plaintiffs/appellees MSP Recovery Claims, Series LLC ("MSP Recovery"); MSPA Claims 1, LLC ("MSPA Claims"); MSP Recovery Claims Series 44, LLC; and Series PMPI (all three referred to collectively as "plaintiffs") are represented by the same counsel in these cases. USAA, MGA, and Progressive, et al. are represented by the same counsel before this Court and in the trial court.

The three appeals arise from circuit court actions filed by plaintiffs for pure bills of discovery under the Florida Motor Vehicle No-Fault ("PIP") Statute, section 627.376, Florida Statutes (2018). The subject complaints in each case make the same allegations regarding personal jurisdiction. In each case, the trial court denied the insurance companies' motions to dismiss based on personal jurisdiction. Each motion to dismiss relied on Florida and federal caselaw finding no personal jurisdiction in similar cases filed by plaintiffs. Accordingly, because the three related appeals raise the

2

same legal issue, we now consolidate them for purposes of this opinion. For the following reasons, we reverse and remand with instructions to dismiss each case for lack of personal jurisdiction.

**Facts Related to the Three Underlying Cases**

In each of plaintiffs' complaints, plaintiffs sought information about unspecified insureds who were involved in auto accidents and who also had Medicaid coverage. Plaintiffs filed the lawsuits after assignments were allegedly obtained from managed care organizations and related entities.

No merits discovery took place while plaintiffs were trying to disqualify the insurance companies' counsel. Plaintiffs started to prosecute the three underlying lawsuits after this Court rejected their disqualifications motions and after the Florida Supreme Court denied plaintiffs further review.

When the merits litigation resumed, plaintiffs amended their complaints, increased the number of assignors, and added claims involving Medicare beneficiaries in addition to Medicaid beneficiaries. They also sought relief as a class action. Plaintiffs now seek declarations that contrary to federal requirements, the Insurers "must coordinate benefits with Secondary Payors"; the Insurers must "alert Secondary Payors of their primary obligations"; that contrary to Florida law, Secondary Payors "are not

3

obligated to submit a demand for reimbursement on a properly completed . . . standard form"; and Secondary Payors need not "comply with the strict requirements" of the PIP Statute.[1]

The three insurers moved to dismiss the new complaints on various grounds, including lack of personal jurisdiction. The insurers argued that plaintiffs failed to allege sufficient ultimate facts to establish either general or specific jurisdiction over them. In support of their motions to dismiss, the insurers cited to MSP Recovery Claims, Series LLC v. Coloplast Corporation, 353 So. 3d 705 (Fla. 3d DCA 2023) ("Coloplast I"); MSP Recovery Claims Series v. Nationwide Mut. Ins. Co., 2021 WL 355133 (S.D. Fla. Feb. 2, 2021) (granting motion to dismiss for lack of personal jurisdiction); and MSP Recovery Claims, Series LLC v. 21st Century Centennial Ins. Co., 2023 WL 11903567 (Fla. 11th Cir. Jan. 25, 2023) (same). In Coloplast I, this Court affirmed the trial court's dismissal for lack of personal jurisdiction and rejected plaintiffs' argument to extend long-arm

---

[1]Plaintiffs define "Secondary Payors" as "all nongovernmental organizations, including but not limited to Medicaid Managed Care Organizations ['MCOs'], Medicare Advantage Organizations ['MAOs'], first-tier and downstream entities and their assignees, that provide health and prescription benefits in the State of Florida." The Assignors allegedly are Secondary Payors.

jurisdiction for a pure bill of discovery in the manufacturing context. Coloplast I, 353 So. 3d at 706-07.[2]

**The USAA appeal – 3D24-1056**

Plaintiffs filed the underlying action for a pure bill of discovery regarding PIP claims then amended their pleading and added a second count for declaratory relief. USAA moved to dismiss both complaints. There was no hearing or ruling on either motion.

The proceedings were paused from 2020-2023 while plaintiffs sought to disqualify USAA's counsel, which was not successful. Akerman LLP v. MSP Recovery Claims, Series LLC, 338 So. 3d 309 (Fla. 3d DCA 2022), *rev. denied*, 2022 WL 4930534 (Fla. Oct. 4, 2022).

After the action resumed in the trial court, plaintiffs amended their complaint again. USAA moved to dismiss the second amended complaint on various grounds, including that the complaint had insufficient allegations as to personal jurisdiction. The trial court at first denied USAA's motion to

---

[2]Later, in Coloplast Corporation v. MSP Recovery Claims, Series, LLC, 415 So. 3d 353, 353 (Fla. 3d DCA 2025) ("Coloplast II"), this Court reversed the trial court's denial of Coloplast's second motion to dismiss. This Court rejected MSP's position that it had established jurisdiction for a pure bill of discovery against a foreign medical device manufacturer, including under the business-venture prong of Florida's long-arm statute. § 48.193(1)(a)(1), Fla. Stat. (2023).

dismiss "in all respects except on the grounds asserting lack of personal jurisdiction." The trial court reserved ruling on the jurisdictional issue until the evidentiary class certification hearing on May 17, 2024.

At the evidentiary class certification hearing, the trial court rejected USAA's jurisdictional argument. Because the trial court required USAA to participate in a class certification hearing before ruling on its jurisdictional defense, at the court's suggestion, plaintiffs stipulated that USAA's "actions in engaging in discovery to defend against the motion for class certification would not constitute a waiver of Defendants' argument that the Court lacks personal jurisdiction over them." However, the trial court ruled that USAA waived its personal jurisdiction defense by not raising it earlier. The trial court granted the motion for certification.

USAA appealed the dismissal order (and the certification order) to this Court. See Third District Court of Appeal Case No. 3D24-1116, USAA Casualty Insurance Co. v. MSP Recovery Claims. The trial court denied USAA's motion to stay the trial court proceedings pending the conclusion of its interlocutory appeals, but this Court entered a stay on USAA's motion.

**The MGA Appeal – 3D24-1278**

6

Plaintiffs filed the underlying action for a pure bill of discovery regarding PIP claims, and MGA moved to dismiss the complaint. About one year later, plaintiffs filed an amended complaint and then later amended again, adding a claim for declaratory relief. MGA moved to dismiss the Second Amended Complaint. There was no hearing or ruling on either of MGA's motions to dismiss.

As with USAA, the merits proceedings were paused for two years while plaintiffs tried to disqualify MGA's counsel. Plaintiffs eventually withdrew their disqualification request, and MGA renewed its motion to dismiss. The trial court held hearings in April 2023, June 2024, and July 2024 on MGA's motions to dismiss. In its Answer and afterwards, MGA maintained its jurisdictional defense that it was not incorporated in Florida and does not operate its principal place of business in Florida, thus plaintiffs' allegations regarding personal jurisdiction were insufficient. MGA raised its personal jurisdiction defense before the April 2023 hearing where the trial court issued its first ruling on MGA's motion. Eventually, the trial court denied MGA's final motion to dismiss in the trial court's Second Dismissal Order and Third Dismissal Order.

MGA appealed the trial court's Second and Third Dismissal Orders. The trial court denied MGA's motion to stay the trial court proceedings pending the appeal, but this Court granted MGA's motion to stay.

**The Progressive Appeal – 3D24-1316**

Plaintiffs filed an action for a pure bill of discovery regarding PIP claims. Plaintiffs amended their pleading and added a second count for declaratory relief. Progressive moved to dismiss the complaint and amended complaint for various reasons, including that there were insufficient allegations regarding personal jurisdiction. There was no ruling or hearing on Progressive's motions.

As with the other two insurance companies' cases, the case was stayed for two years while plaintiffs tried to disqualify Progressive's counsel. Plaintiffs eventually withdrew their disqualification request, and Progressive renewed its motion to dismiss. The trial court held hearings in March 2023 and July 2024 on Progressive's motions to dismiss. Progressive raised its personal jurisdiction defense at the beginning of the case before any hearing or ruling on its motions. The trial court denied the renewed motion and ordered Progressive to answer the amended complaint.

8

In its Answer and afterwards, Progressive maintained its jurisdictional defense that it was not incorporated in Florida nor operated their personal place of business in Florida. The trial court eventually denied Progressive's final motion to dismiss. Progressive appealed the second dismissal order, and the trial court stayed the proceedings pending resolution of this appeal.

## Standard of Review

This Court reviews *de novo* a trial court's rulings on a motion to dismiss for lack of personal jurisdiction. Coloplast I, 353 So. 3d at 707; Facebook, LLC v. Grind Hard Holdings, LLC, 390 So. 3d 142, 144 (Fla. 3d DCA 2024). In addition, when reviewing such a motion, the appellate court must construe the long-arm statute "strictly . . . in favor of non-resident defendants." Blumberg v. Steve Weiss & Co., Inc., 922 So. 2d 361, 363 (Fla. 3d DCA 2006).

## Discussion

The insurers now argue that the trial court erred in denying their motions to dismiss because plaintiffs did not allege any basis for the court to assert jurisdiction over the non-resident insurers. They further assert that each insurer properly raised its jurisdictional defense before the trial court

9

issued any dismissal ruling; thus, they did not waive their jurisdictional defenses. We agree.

"Under Florida law, 'personal jurisdiction . . . [is] necessary before a defendant, either an individual or business entity, may be compelled to answer a claim brought in a court of law.'" Facebook, 390 So. 3d at 144 (quoting Borden v. E.-Eur. Ins. Co., 921 So. 2d 587, 591 (Fla. 2006)). "The initial inquiry is whether 'the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of [Florida's long-arm] statute[.]'" Id. (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)).

Florida's Long-Arm statute provides, in part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself for herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> . . .
> 4. Contracting to insure a person, property, or risk located within this state at the time of contracting.
> . . .
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

See § 48.193(1)(a)(1) and (4), Fla. Stat. (2018); 48.193(2), Fla. Stat. (2018).

10

For plaintiffs to sue the insurers in Florida, they must establish general jurisdiction or specific jurisdiction. Facebook, 390 So. 3d at 145. Here, plaintiffs have not met their burden under either prong of the long-arm statute.

In their pleadings, plaintiffs alleged specific jurisdiction. They did not cite to section 48.193(2), and they did not allege facts regarding general jurisdiction. They only mentioned that the insurers "engaged in substantial and not isolated activities in Florida." "To satisfy the requirements of section 48.193(2), a corporation's contacts must constitute "'affiliations with the State [that] are so 'continuous and systemic' as to render [it] essentially at home in the forum State.'"" Meraki Invs., Ltd. v. Unit 1805 Inc., 319 So. 3d 718, 721 (Fla. 3d DCA 2021) (citations omitted). Plaintiffs have not shown the "exceptional" circumstances required for the trial court to exercise general jurisdiction over a non-resident corporation that is not its place of incorporation or its principal place of business. MSP Recovery Claims Series, LLC v. Nationwide Mut. Ins. Co., 2021 WL 355133 at *3 (S. D. Fla. Feb. 2, 2021). Plaintiffs' allegation of "substantial and not isolated activities" does not meet this requirement. Id. at *4 ("None of these bare allegations, alone or taken together, comes even close to establishing fact[s] that show any of the Insurance Companies' operations in Florida are 'so substantial

11

and of such a nature as to render the corporation at home in' Florida.") (granting non-resident insurers' motion to dismiss for lack of personal jurisdiction).

In addition, the insurers emphasize that plaintiffs conceded this point in other similar suits against non-resident insurers. See MSP Recovery Claims, Series LLC v. Hanover Ins. Co., 2024 WL 4026198, at *1 (Fla. 11th Cir. Ct. Aug. 28, 2024) ("The Plaintiff has withdrawn its claim of general jurisdiction over the Defendants[.]"); MSP Recovery Claims v. Zurich Am. Ins. Co., 2024 WL 4037212, at *1 (Fla. 11th Cir. Ct. Aug. 28, 2024) (same); MSP Recovery Claims Series v. Northland Ins. Co., 2022 WL 2341158, at *2 ("Plaintiff implicitly concedes that the Court does not have general jurisdiction over the [non-resident] Defendants, as Plaintiff makes no argument that the general jurisdiction provision of the Florida long-arm [statute] . . . applies.") (citations omitted); MSP Recovery Claims v. Great Am. Ins. Co., 2021 WL 8343191, at *3 n.2 ("The parties agree there is no basis for general jurisdiction over either Defendant."); MSP Recovery Claims v. Westfield Ins. Co., 2021 WL 8343201, at *3 (S.D. Fla. Sept. 27, 2021) ("Defendants argue that Plaintiffs have not alleged sufficient affiliations required for general jurisdiction within Florida. . . . Plaintiffs do not dispute this.") (citations omitted).

Plaintiffs alleged specific jurisdiction under section 48.193(1)(a)(1) (operating a business in Florida) and section 48.193(1)(a)(4) (contracting to provide insurance in Florida). For specific jurisdiction to apply, plaintiffs must allege that each "defendant does one of the enumerated acts occurring within Florida, and [ ] that the plaintiff[s'] cause of action arise from one of the enumerated acts occurring in Florida." Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1135 (Fla. 3d DCA 2018). These two requirements "are known as the [long-arm] statute's connexity requirement." Id.; Great Am. Ins. Co., 2021 WL 8343191, at *3 n.3 ("It is not enough that Plaintiff's claims may in some way 'relate to' Defendants' business in Florida or their insurance contracts with Florida residents. Florida's long-arm statute expressly requires a plaintiff's claims to 'aris[e] from' one or more of the delineated activities.").

Here, plaintiffs did not connect their equitable claims to the insurers' alleged Florida activities. Plaintiffs sued the three insurers for a pure bill of discovery and declaratory relief. Plaintiffs, who hold assignments from Secondary Payers and not the insureds, do not assert legal claims in their actions. For example, they do not assert any breaches of Florida insurance contract claims.

13

In the pure bill of discovery claims, plaintiffs request that the non-resident insurers collect information and produce documents relating to their auto insurance policies and payments made for the assignors' enrollees. They seek this information about all claims so they can use the information to bring future damages actions against the insurers under the Medicare Secondary Payer Act. This is improper. And as the insurers point out, such a search would not give rise to specific jurisdiction in Florida because plaintiffs do not allege that the insurers' acts of locating information and documents would take place in Florida, instead of at the insurers' headquarters.

In their claim for declaratory relief, plaintiffs seek declarations as to various legal questions. For example, plaintiffs want to know whether the insurers must prevent Secondary Payers from making payments and whether Secondary Payers must submit claims to the insurers on specific forms. Plaintiffs also ask the trial court for a declaration that they are not required to provide certain information to the insurers. Just as with the pure bill of discovery claims, these declarations the plaintiffs seek relate to the insurers' activities outside Florida.

Furthermore, plaintiffs' equitable claims do not arise from the insurers' business ventures in Florida or from any Florida insurance policy. In their

complaints, plaintiffs allege that their claims are "based on the practice and common course of conduct of the … Defendants in failing to identify and alert … Secondary Payors as required by" the PIP statute. However, plaintiffs do not provide any information or details of the insurers' failure to identify and alert Secondary Payers. Nor do plaintiffs connect these alleged failures to the insurers' Florida business ventures or Florida insurance policies.

As the insurers demonstrate, other trial courts have analyzed similar claims brought by the same plaintiffs against other insurers and concluded that the claims do not establish specific personal jurisdiction under section 48.193(1)(a). See Nationwide Mut. Ins. Co., 2021 WL 355133, at *4 ("[T]he Plaintiffs utterly fail to connect *their own particular claims* against the various Insurance Companies to those Florida-related acts.") (italics in original); Great American Ins. Co., 2021 WL 8343191, at *3 ("Although these facts suggest Defendants conduct business in Florida and issue insurance policies to Florida residents, Plaintiff fails to allege any facts showing its particular causes of action directly 'aris[e] from' those Florida-related acts."); Westfield Ins. Co., 2021 WL 8343201, at *4 ("The Court agrees with Defendants that Plaintiffs have failed to allege sufficient connexity between Defendants' failure to pay and an enumerated act under the long-arm statute."); MSP Recovery Claims, Series, LLC v. Safeco Ins. Co. of Am.,

2024 WL 3517758, at *1 (Fla. 11th Cir. Ct. July 17, 2024) ("The Court finds that it lacks personal jurisdiction over the Defendants for the reasons stated on the record and argued by Defendants. The Court finds the cases of <u>MSP Recovery Claims Series, LLC v. Nationwide Mut. Ins. Co.</u>, 20-21573-CIV, 2021 WL 355133 (S.D. Fla. Feb. 2, 2021) and <u>MSP Recovery Claims, Series 44 LLC v. Great Am. Ins. Co.</u>, 20-24094-CIV, 2021 WL 8343191 (S.D. Fla. June 11, 2021) to be persuasive."); <u>21st Century Centennial Ins. Co.</u>, 2023 WL 11903567, at *3-4 (finding no personal jurisdiction under § 48.193(1)(a)1 and 4; "Without specific allegations that the insurer Defendants' alleged failure to comply with 'reporting obligations' to 'Government Healthcare Programs' or other alleged misconduct arises from Defendants' business activities within the state of Florida, Plaintiffs have failed to satisfy Fla. Stat. § 48.193(1)(a)(1) of the long-arm statute, and they have failed to establish personal jurisdiction over the Defendants. . . .The claims as alleged in the Amended Complaint do not arise out of the Insurance Companies' business or contracts with their insureds themselves, but rather out of the non-resident Defendants' alleged reporting obligations to 'Government Healthcare Programs,' which does not satisfy Fla. Stat. § 48.193(1)(a)(4).").

Just as in these cases, plaintiffs' causes of action in the underlying cases to these three appeals do not arise from the insurers' business of

16

insurance in Florida. Thus, plaintiffs cannot show specific jurisdiction under sub-sections (1)(a)1 and (1)(a)4 of the Long-Arm Statute.

Plaintiffs argue that the insurers did not timely raise their jurisdictional defenses. However, the records in each case reflects that each insurer did, in fact, raise its jurisdictional defense before the trial court heard or ruled on each insurers' motion to dismiss. In Waxoyl, A.G. v. Taylor, Brion, Buker & Green, 711 So. 2d 1251, 1254 (Fla. 3d DCA 1998), this Court held that a defendant does not waive a jurisdictional defense that it raises in the first motion to dismiss that the trial court addresses.[3]

In addition, the insurers never sought "affirmative relief inconsistent with the defense of personal jurisdiction." Modway, Inc. v. OJ Com., LLC, 331 So. 3d 723, 725 (Fla. 4th DCA 2021) (holding defendant did not waive jurisdictional defense by first seeking to vacate a default and to quash service). Here, each insurer defended against plaintiffs' disqualification

---

[3] The Fourth and Fifth District Courts of Appeal agree with this reasoning. See Cepero v. Bank of N.Y. Mellon Tr. Co., N.A., 189 So. 3d 204, 206 (Fla. 4th DCA 2016) ("Where the initial motion to dismiss does not include a claim of lack of jurisdiction or insufficiency of service of process, those claims are not waived if, prior to a ruling on the initial motion, the defendant amends the motion to assert the issue."); Re-Emp. Servs., Ltd. v. Nat'l Loan Acquisitions Co., 969 So. 2d 467, 470-71 (Fla. 5th DCA 2007). The First and Second District Courts of Appeal do not. See Retherford v. Kirkland, 363 So. 3d 132, 135 (Fla. 1st DCA 2023); Gannon v. Cuckler, 281 So. 3d 587, 597 (Fla. 2d DCA 2019).

proceedings; however, each insurer raised its jurisdictional defense before the first dismissal hearing.

USAA raised its personal jurisdiction defense in the first motion to dismiss the trial court addressed, which was USAA's motion to dismiss plaintiffs' second amended complaint. In addition, USAA preserved the jurisdictional defense in the certification proceeding that came later. USAA did not engage in discovery, nor did it seek affirmative relief before it moved to dismiss plaintiffs' second amended complaint.

MGA raised its jurisdictional defense in the first motion to dismiss the trial court addressed, which was MGA's renewed motion to dismiss. MGA preserved the jurisdictional defense in its later filings. This included the motion to dismiss that underlies this appeal and MGA's Answer to plaintiffs' final complaint. In addition, like USAA, MGA did not engage in discovery nor did it seek affirmative relief before the trial court denied MGA's motion to dismiss and before the underlying appeal was filed.

Progressive raised its personal jurisdiction defense in its motion to dismiss plaintiffs' initial complaint. Progressive preserved the defense in its later filings, including in the motion to dismiss that led to this appeal and in its Answer. Just like the other two insurers, Progressive did not engage in discovery nor did it seek affirmative relief before the trial court ruled on

Progressive's motions to dismiss and before this appeal was filed. As the insurers emphasize, the trial court did not find that Progressive waived its jurisdictional defense and stayed the trial court proceedings so that this Court could consider Progressive's defense.

## Conclusion

In Coloplast I, we declined to extend long-arm jurisdiction for a pure bill of discovery claim in the manufacturing context. In Coloplast II, we declined to extend long-arm jurisdiction for a pure bill of discovery against a foreign medical device manufacturer, including under the business-venture prong of Florida's long-arm statute. § 48.193(1)(a)(1), Fla. Stat. (2023). Now, in the three cases before us, we reject plaintiffs' positions and decline to extend long-arm jurisdiction for a pure bill of discovery in the insurance context as illustrated in the three underlying cases to these appeals. The trial court erred in each of the three cases when it allowed plaintiffs to sue USAA, MGA, and Progressive for equitable claims that do not arise from the non-resident insurers' activities within Florida. Furthermore, we find that each of the insurers timely asserted their jurisdictional defenses before any hearing or ruling by the trial court on their motions to dismiss. For these reasons, we

19

reverse the underlying orders on appeal and remand the three cases so the trial court with instructions to dismiss the action in each case.

Reversed and remanded with directions.